**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DANIEL PEOPLES, JR., | : | |
| Plaintiff, | : | Case No. 3:05CV003 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| MIAMI COUNTY OF OHIO, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATIONS[1]**

**I.  INTRODUCTION**

Plaintiff Daniel Peoples, Jr. a former prisoner at the Miami County Jail, brings this case *pro se* seeking relief under 42 U.S.C. §1983.  Peoples' Complaint names as defendants Miami County, Ohio; Miami County Sheriff Cox; and numerous other individuals.

The Court previously granted Peoples' Application to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915.  This case is presently before the Court for a *sua sponte* review to determine whether Peoples' Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief.  If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

## II. PEOPLES' PRIOR CASE AND PRESENT COMPLAINT

In February 2004, nearly one year before filing the instant case, Peoples filed a Complaint in this Court challenging the conditions of his confinement at the Miami County Jail. *Peoples v. Miami County of Ohio*, Case No. 3:04CV00066.  Following the close of discovery, which included Peoples' deposition, the defendants filed a Motion for Summary Judgment.  The Court granted the defendants' Motion and dismissed Peoples' Complaint.  In so doing, the Court rejected Peoples' claims on the merits.  *See id*. at Doc. #71.

Peoples' present Complaint again concerns the conditions at the Miami County Jail, although he is "<u>not incarcerated anymore</u> at the moment but soon will be returning."  (Doc. #2 at 2)(emphasis in original).  Peoples' Complaint raises numerous claims including (1) denial of access to the courts; (2) the prison law library was inadequate; (3) jail officials put mail he sent to his family in his property locker rather than mailing it; (4) denial of his Muslim religious beliefs by serving him pork; (5) denial of a dentist to treat his pyorrhea, gingivitis, and cavities; (6) denial of a physician to treat his foot problems; (7) he was charged a book-in fee in April 2004; and (8) certain named defendants intercepted and recorded conversations "between Bill and Plaintiff with a warrant, oral order or a consent form signed by Bill or the plaintiff...."  (Doc. #1 at 4-5).

Peoples seeks compensatory and punitive damages.  He also seeks injunctive relief requiring officials to house him in the other County Jail in Troy, Ohio "because [he] may be returning to the Miami County Jail...."  *Id*. at 6.

## III. ANALYSIS

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if they are satisfied that the Complaint is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B).

Viewing an *in forma pauperis* Complaint through lens of §1915(e)(2)(B), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal.  *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible."  *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of a Complaint that fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who is immune from such relief in this Court.  28 U.S.C. §1915(e)(2)(B)(ii-iii).

In the instant case, Peoples' Complaint is frivolous because it is barred by res judicata. "Courts apply the doctrine of res judicata to promote finality of judgments, which in turn increases certainty, discourages multiple litigation and conserves judicial resources."  *Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir. 1999).  "The doctrine of res judicata includes two separate concepts – issue preclusion and claim preclusion.  Claim preclusion or true res judicata ... 'refers

3

to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit.'" *Wilkins,* 183 F.3d at 532 (citation omitted). Claim preclusion bars litigation of a claim when four elements exist: "(1) a final decision on the merits; (2) a subsequent action between the same parties or their privies; (3) an issue in a subsequent action which should have been litigated in the prior action; and (4) an identity of the causes of action." *Id*.

Peoples' prior Complaint resulted in a final decision on the merits. *See Peoples v. Miami County of Ohio*, Case No. 3:04CV00066, Doc. #71. His present Complaint raises claims against the same parties or their privies, including Miami County, Sheriff Cox, and various Miami County Officials, jail personnel, and law enforcement personnel. Each of Peoples' present claims were either raised or could have been raised in his prior case. The Order granting Defendants' Motion for Summary Judgment in Peoples earlier case establishes as much through its dismissal on the merits of Peoples' twenty claims including, for example, denial of adequate medical and dental care, denial of access to the law library, insufficient visitation time, and serving pork to Peoples in violation of his religious beliefs. *See id*.

In addition, like his prior Complaint, Peoples' present Complaint focuses on events and conditions that existed during his incarceration at the Miami County Jail. Consequently, there was nothing to prevent Peoples from raising in his prior case any of the variant or additional claims he now seeks to litigate. It is precisely this type of duplication that res judicata seeks to prevent. *See Wilkins*, 183 F.3d at 535 ("by bringing two different suits arising from the same factual situation, counsel has engaged in the precise behavior the doctrine of res judicata seeks to discourage.").

Accordingly, res judicata bars Peoples' present claims and his Complaint must therefore be dismissed under 28 U.S.C. §1915(e).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Daniel Peoples, Jr.'s Complaint be DISMISSED; and

2. The Court certify pursuant to 28 U.S.C. §1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Peoples leave to appeal *in forma pauperis*. If so certified, Peoples, presently a non-prisoner, would remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

April 7, 2005

    s/ Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).